## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| FRANK GINAC,<br><br>    PLAINTIFF,<br><br>V.<br><br>EDWARD WOLFF & ASSOCIATES, LLC,<br>CERTA PROPAINTERS LTD D/B/A<br>CERTAPRO PAINTERS D/B/A<br>CERTAPRO PAINTERS OF AUSTIN, AND<br>JOHN BUNNELL PAINTING LLC,<br><br>    DEFENDANTS, | Civil Action No: 1:22-cv-704<br><br><br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW,** Plaintiff Frank Ginac (hereinafter, "Plaintiff"), a Texas resident, brings this Complaint by and through his attorneys, Jaffer & Associates, PLLC against Defendant Edward Wolff & Associates, LLC (hereinafter "Edward Wolff") for violations 15 U.S.C. § *1692 et seq.* of the Fair Debt Collection Practices Act ("FDCPA") and for violations of Tex. Fin. Code Ann. § 292 et seq. of the Texas Debt Collection Act ("TDCA"), against Defendants Certa Propainters LTD d/b/a CertaPro Painters d/b/a CertaPro Painters of Austin (hereinafter "CertaPro") and Defendant John Bunnell Painting, LLC (hereinafter "Bunnell") for violations of the Texas Deceptive Trade Practices Act ("DTPA") Tex. Bus. & Com. Code Subchapter E and the Texas Property Code.

### INTRODUCTION/PRELIMINARY STATEMENT

1.     Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was

concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3.      The DTPA is consumer protection statute that prohibits deceptive trade practices by business against Texas consumers.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

6.      Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") against Defendant Edward Wolff.

7.     Plaintiff brings this action against Defendants CertaPro and Bunnell for violations of the Deceptive Trade Practices Act, Tex. Bus. & Com. Code Subchapter E ("DTPA") and the Texas Property Code ("TPC").

8.     Plaintiff is seeking statutory and actual damages, declaratory relief, costs and attorney's fees against Defendant Edward Wolff under the FDCPA and TDCA.

9.     Plaintiff is seeking treble economic and treble mental anguish, injunctive relief (vacating the mechanics lien), and costs, declaratory relief and attorney's fees from Defendants CertaPro and Bunnell under the TPC and DTPA.

**PARTIES**

**Plaintiff Frank Ginac**

10.     Plaintiff is a resident of the State of Texas, residing in Travis County, Texas at the subject property, 7904 Aspen Highlands Dr, Austin, TX 78746, which is Plaintiff's "Homestead".

11.     The current creditor is either CertaPro, Bunnell, or Edward Wolff.

12.     Plaintiff is alleged to pay a debt to CertaPro, Bunnell, or Edward Wolff for an alleged obligation arising out of a transaction in which the money, property or insurance or services are primarily for personal, family, or household purposes for roof repair to Plaintiff's Homestead.

13.     Specifically, the "Consumer Debt" arises out of a residential painting job for Plaintiff's homestead located at 7904 Aspen Highlands Dr, Austin, TX 78746.

14.     Plaintiff is a natural person allegedly obligated to pay a debt to CertaPro, Bunnell, or Edward Wolff.

15.     Plaintiff is an individual with an alleged obligation primarily for personal, family, or household purposes arising from a transaction with CertaPro or Bunnell for painting for his homestead.

16.     Plaintiff is a "consumer" as defined pursuant to 15 U.S.C. § 1692(a)(3), and Tex. Bus. & Com. Code § 17.45(4).

**Defendant Edward Wolff & Associates, LLC**

17.     Defendant EDWARD WOLFF is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and as defined in the TDCA.

18.     Defendant EDWARD WOLFF has its principal place of business in Collin County, Texas and can be served on it registered agent United States Corporation Agents, Inc at 9900 Spectrum Dr, Austin, TX 78717.

19.     Upon information and belief, Defendant Edward Wolff is a person that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

20.     Upon information and belief, Defendant Edward Wolff is a person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

21.     Upon information and belief, Defendant Edward Wolff is a person meaning an individual, partnership, corporation, association, or other group, however organized.

22.     Upon information and belief, Defendant Edward Wolff, is a third-party debt collector meaning a debt collector as defined by 15 U.S.C. § 1692(a)(6) and under the TDCA.

**Defendant Certa Propainters LTD.**

23.     Defendant CertaPro engages in business in Travis County, Texas and can be served on it registered agent Corporation Service Company at 701 Brazos Street, Suite 1050, Austin, TX 78701.

24.     CertaPro is person as defined under Tex. Bus. & Com. Code § 17.45(3).

25.     CertaPro provided "goods", "services", and "building materials" to Plaintiff as those terms defined under Tex. Bus. & Com. Code § 17.45(1), (2), and (17).

26.     CertaPro provided the "goods" and "services" on Plaintiff's "residence" as that term is defined under Tex. Bus. & Com. Code § 17.45(12).

27.     CertaPro is a person that is engaged in "trade" and "commerce" as defined by Tex. Bus. & Com. Code § 17.45(6).

28.     CertaPro entered into a "home improvement contract" with the Plaintiff as that term is defined under Tex. Prop. Code § 41.007.

29.     The home improvement contract was for goods and services to be performed on Plaintiff's "homestead" at 7904 Aspen Highlands Dr, Austin, TX 78746 as defined under Tex. Prop. Code § 41.002.

**Defendant John Bunnell Painting, LLC**

30.     Defendant Bunnell has its principal place of business in Travis County, Texas and can be served on it registered agent John Bunnell at 8711 Burnet Rd, Suite B-35, Austin, TX 78757.

31.     Bunnell is person as defined under Tex. Bus. & Com. Code § 17.45(3).

32.     Bunnell provided "goods", "services", and "building materials" to Plaintiff as those terms defined under Tex. Bus. & Com. Code § 17.45(1), (2), and (17).

33.     Bunnell provided the "goods" and "services" on Plaintiff's "residence" as that term is defined under Tex. Bus. & Com. Code § 17.45(12).

34.     Bunnell is a person that is engaged in "trade" and "commerce" as defined by Tex. Bus. & Com. Code § 17.45(6).

35.     Bunnell entered into a "home improvement contract" with the Plaintiff as that term is defined under Tex. Prop. Code § 41.007.

36.     The home improvement contract was for goods and services to be performed on Plaintiff's "homestead" at 7904 Aspen Highlands Dr, Austin, TX 78746 as defined under Tex. Prop. Code § 41.002.

## FACTUAL ALLEGATIONS

37.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

### Violations of the Texas Property Code and
### Texas Deceptive Trade Practices Act
### By CertaPro and Bunnell

38.     On October 7, 2021, Defendants CertaPro and Bunnell entered into a "home improvement contract" with Plaintiff for his homestead to be painted. See Exhibit "A".

39.     The contract between Plaintiff and CertaPro and Bunell did **NOT** contain a conspicuously printed stamped or typed warning in a size equal to at least **10-point bold type** or computer equivalent which should have read:

> **"IMPORTANT NOTICE: You and your contractor are responsible for meeting the terms and conditions of this contract. If you sign this contract and you fail to meet the terms and conditions of this contract, you may lose your legal ownership rights in your home. KNOW YOUR RIGHTS AND DUTIES UNDER THE LAW."**

40.     Instead, the Home Improvement Contract was silent about mechanic's liens, contractor's liens, or consumer's rights, disclosures, or notices required under the TPC.

41.     Furthermore, the Home Improvement Contract was only signed by Frank Ginac and not his spouse Linda Ginac.

42.     The subject property is Plaintiff's homestead.

43.     Tex. Prop. Code Ann. § 53.254 requires the signature of both spouses when fixing a lien on a homestead. Tex. Prop. Code Ann. § 53.254(c) (2007). Denmon v. Atlas Leasing, L.L.C., 285

S.W.3d 591, 592 (Tex. App. 2009).

44.     Plaintiff paid Defendants CertaPro and Bunnell $27,570.50 but there was a dispute about the quality of work and billing between the Plaintiff and CertaPro and Bunnell.

45.     Instead of listening to Plaintiff and attempting to resolve Plaintiff's concerns, on April 6, 2022, Defendants CertaPro and Bunnell filed an illegal mechanics lien against Plaintiff's homestead in violation of the DTPA and TPC. See attached Exhibit "B".

46.     Further adding insult to injury, CertaPro and Bunnell then sent the Consumer Debt to collections with Defendant Edward Wolff for collections.

47.     For these reasons, CertaPro and Bunnell have violated the DTPA and TPC.

## Violation of the Fair Debt Collection Practices Act
## and Texas Debt Collection Act
## By Edward Wolff's

48.     Edward Wolff started attempting to collect the Consumer Debt from the Plaintiff in sometime in the last twelve months.

49.     Edward Wolff employed illegal and unethical practices to attempt to collect the Consumer Debt from Plaintiff which included repeated text messages, threats to sue the Plaintiff, calling Plaintiff's family members and harassing them for payment, and continuously calling Plaintiff up to 9 times a day and 3 times within an hour despite having been told by Plaintiff to stop calling him. See Exhibit "C".

50.     Edward Wolff did not send the Plaintiff any correspondence within 5 days of initial contact.

51.     Edward Wolff even went as far as calling and harassing Plaintiff's 90-year-old mother and demanding her to tell her son to pay his bills.

52.     Plaintiff even spoke with an individual names Steve at Edward Wolff and Plaintiff warned Steve and Edward Wolff that he would pursue an FDCPA action against them if they do not stop

the harassment. In response, Steve said, "I do not care about the FDCPA" and Steve hung up on him and then someone from Edward Wolff called Plaintiff right back 4 to 5 five times and each time Plaintiff asked Edward Wolff to stop calling him.

53.    However, even now Edward Wolff continues to engage in unethical and illegal debt collection practices against the Plaintiff.

54.    Furthermore, Edward Wolff is engaging and illegal debt collection activities against the Plaintiff because it does NOT have on file with the Texas Secretary of State an active debt collection bond which is required under the TDCA. See Exhibit "D".

55.    The most recent debt collection bond with the Secretary of State's Office expired on October 6, 2017.

56.    As such, Edward Wolff has engaged in unlawful, unlicensed, and illegal debt collection activities in the State of Texas against Plaintiff.

57.    For these reasons, Edward Wolff has violated the FDCPA and the TDCA.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 *et seq.* AGAINST DEFENDANT EDWARD WOLFF**

58.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

59.    Edward Wolff's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, as follows:

60.    15 U.S.C. § 1692c: (b)COMMUNICATION WITH THIRD PARTIES: Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in

connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

61.     15 U.S.C. § 1692d: HARASSMENT OR ABUSE: A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

62.     15 U.S.C. § 1692e: FALSE OR MISLEADING REPRESENTATIONS: a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, including:

> a.  The false representation of the character, amount, or legal status any debt, § 1692e(2);
>
> b.  The representation or implication that nonpayment of any debt will result in the … the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action 1692e(4);
>
> c.  The threat to take any action that cannot legally be taken or that is not intended to be taken 1692e(5); and
>
> d.  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, § 1692e(10).

63.     15 U.S.C. § 1692f: UNFAIR PRACTICES: a debt collector may not use unfair or

unconscionable means to collect or attempt to collect any debt.

      a. The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 1692f(1).

64.    15 U.S.C. § 1692g: VALIDATION OF DEBTS: Notice of debt, contents: Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

65.    15 U.S.C. § 1692g(b) in relevant part reads: "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the

consumer's right to dispute the debt or request the name and address of the original creditor."

66.     For the aforementioned reasons, Defendant Edward Wolff is liable to Plaintiff for judgment because Defendant's conduct violated the FDCPA, and Plaintiff is entitled to an award of statutory and actual damages, costs and attorneys' fees.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**
**Tex. Fin. Code Ann. § 292 et seq. AGAINST DEFENDANT EDWARD WOLFF**

67.     Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

68.     Sec. 392.101: BOND REQUIREMENT.  (a)  A third-party debt collector or credit bureau may not engage in debt collection unless the third-party debt collector or credit bureau has obtained a surety bond issued by a surety company authorized to do business in this state as prescribed by this section.  A copy of the bond must be filed with the secretary of state.

>   (b)  The bond must be in favor of:
>         (1)  any person who is damaged by a violation of this chapter; and
>         (2)  this state for the benefit of any person who is damaged by a violation of this
chapter.
>   (c)  The bond must be in the amount of $10,000.

69.     Sec. 392.302. HARASSMENT; ABUSE. In debt collection, a debt collector may not oppress, harass, or abuse a person by: (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

70.     Defendant Edward Wolff violated the TDCA by its deceptive means when it engaged in illegal debt collection activities against the Plaintiff without obtaining and posting a bond with the Secretary of State and also when Edward Wolff caused Plaintiff's cellular telephone to ring repeatedly or when Edward Wolff made continuous telephone calls to Plaintiff, with the intent to

harass the Plaintiff on his cellular phone number.

### THIRD CAUSE OF ACTION
**INDIVIDUAL CLAIM FOR VIOLATIONS OF DECEPTIVE TRADE PRACTICES ACT**
**Tex. Bus. & Com. Code Subchapter E AGAINST DEFENDANT CERTAPRO**

71.     Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

72.     DTPA. Sec. 17.46: DECEPTIVE TRADE PRACTICES UNLAWFUL.

(a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful…

(b) Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts: (12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

73.     TEX. PROP. CODE § 41.007 reads: HOME IMPROVEMENT CONTRACT. (a) A contract for improvements to an existing residence described by Section 41.001(b)(3) **must contain:**

> (3) the following warning conspicuously printed, stamped, or **typed in a size equal to at least 10-point bold type** or computer equivalent:

> **"IMPORTANT NOTICE:** You and your contractor are responsible for meeting the terms and conditions of this contract. If you sign this contract and you fail to meet the terms and conditions of this contract, you may lose your legal ownership rights in your home. **KNOW YOUR RIGHTS AND DUTIES UNDER THE LAW."**

> (b) **A violation of Subsection (a) of this section is a false, misleading, or deceptive act or practice within the meaning of Section 17.46,** Business &

12

Commerce Code, and is actionable in a public or private suit brought under the

provisions of the Deceptive Trade Practices-Consumer Protection Act

(Subchapter E, Chapter 17, Business & Commerce Code).

74.    Plaintiff and CertaPro entered into a contract on Plaintiff's homestead to paint the home.

75.    Plaintiff's spouse Linda Ginac was not listed on the contract nor did she sign the contract.

76.    The contract was a home improvement contract where CertaPro a company that provided

residential painting products and services to Plaintiff on his homestead.

77.    CertaPro's contract did not contain warnings as required under the Tex. Prop. Code Sec.

41.007 as shown above.

78.    The Aspen home in Austin, Texas was Plaintiff's homestead before he entered into a

contract with CertaPro.

79.    Defendant CertaPro violated the DTPA when it filled a lien on Plaintiff's homestead and

again when CertaPro did not including the DTPA mandatory consumer disclosure notice listed

above.

80.    For these aforementioned reasons CertaPro violated the DTPA.

<u>**FOURTH CAUSE OF ACTION**</u>
**INDIVIDUAL CLAIM FOR VIOLATIONS OF DECEPTIVE TRADE PRACTICES ACT**
**Tex. Bus. & Com. Code Subchapter E AGAINST DEFENDANT BURNELL**

81.    Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though

fully set forth herein.

82.    DTPA. Sec. 17.46: DECEPTIVE TRADE PRACTICES UNLAWFUL.

(a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are

hereby declared unlawful…

(b) Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive

13

acts or practices" includes, but is not limited to, the following acts: (12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

83.     TEX. PROP. CODE § 41.007 reads: HOME IMPROVEMENT CONTRACT. (a) A contract for improvements to an existing residence described by Section 41.001(b)(3) **must contain:**

> (3) the following warning conspicuously printed, stamped, or **typed in a size equal to at least 10-point bold type** or computer equivalent:

> **"IMPORTANT NOTICE:** You and your contractor are responsible for meeting the terms and conditions of this contract. If you sign this contract and you fail to meet the terms and conditions of this contract, you may lose your legal ownership rights in your home. **KNOW YOUR RIGHTS AND DUTIES UNDER THE LAW."**

> **(b) A violation of Subsection (a) of this section is a false, misleading, or deceptive act or practice within the meaning of Section 17.46**, Business & Commerce Code, and is actionable in a public or private suit brought under the provisions of the Deceptive Trade Practices-Consumer Protection Act (Subchapter E, Chapter 17, Business & Commerce Code).

84.     Plaintiff and Bunnell entered into a contract on Plaintiff's homestead to paint the home.

85.     Plaintiff's spouse Linda Ginac was not listed on the contract nor did she sign the contract.

86.     The contract was a home improvement contract where Bunnell a company that provided residential painting products and services to Plaintiff on his homestead.

87.     Bunnell's contract did not contain warnings as required under the Tex. Prop. Code Sec.

41.007 as shown above.

88.     The Aspen home in Austin, Texas was Plaintiff's homestead before he entered into a

contract with Bunnell.

89.     Defendant Bunnell violated the DTPA when it filled a lien on Plaintiff's homestead and

again when Bunnell did not including the DTPA mandatory consumer disclosure notice listed

above.

90.     For these aforementioned reasons Bunnell violated the DTPA.

## DEMAND FOR TRIAL BY JURY

91.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Frank Ginac, individually and on behalf of all others similarly

situated, demands judgment from the Defendants as follows:

1.      Awarding Plaintiff actual damages and statutory damages against Edward Wolff under
        the FDCPA and TDCA;

2.      Awarding Plaintiff costs of this action, including reasonable attorneys' fees, costs and
        expenses against Edward Wolff under the FDCPA and TDCA;

3.      Awarding Plaintiff injuctive relief against Edward Wolff by the prohibiting Edward
        Wolff from engaging in any debt collection activities against Texans for a period of 5
        years;

4.      Awarding Plaintiff treble economic and treble mental anguish damages against CertaPro
        and Bunnell under the DTPA;

5.      Vacating the mechanic's lien filed on Plaintiff's homestead by Bunnell and CertaPro;

6.      Awarding pre-judgment interest and post-judgment interest; and

7.      Awarding Plaintiff and the Class such other and further relief as this Court may deem

just and proper.


Dated:   July 14, 2022                          Respectfully Submitted,

                                                **Jaffer & Associates, PLLC**

                                                /s/ Robert Leach                          .
                                                Robert Leach
                                                SBN: 24103582
                                                Shawn Jaffer
                                                SBN.: 24107817
                                                Allen Robertson
                                                SBN.: 24076655
                                                Phillip Pool
                                                SBN: 24086466
                                                5757 Alpha Rd, Suite 350
                                                Dallas, TX 75240
                                                T: (214) 494-1871
                                                F: (888) 530-3910
                                                E-mail: attorneys@jaffer.law
                                                ***Attorneys for Plaintiff***
                                                ***Frank Ginac***