UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FRANK GINAC, | § |
| | § |
| Plaintiff, | § |
| | § |
| V. | § |
| | § |
| EDWARD WOLFF & ASSOCIATES, LLC, | § CIVIL ACTION NO. 1:22-CV-704-LY |
| CERTA PROPAINTERS LTD. D/B/A/ | § |
| CERTAPRO PAINTERS D/B/A/ CERTAPRO | § |
| PAINTERS OF AUSTIN, AND JOHN | § |
| BUNNELL PAINTING, LLC., | § |
| | § |
| Defendants. | § |

## **DEFENDANTS CERTA PROPAINTERS LTD. D/B/A/ CERTAPRO PAINTERS D/B/A/ CERTAPRO PAINTERS OF AUSTIN, AND JOHN BUNNELL PAINTING, LLC. ORIGINAL ANSWER and AFFIRMATIVE DEFENSES**

**COMES NOW** Defendants CERTA PROPAINTERS LTD. D/B/A/ CERTAPRO PAINTERS D/B/A/ CERTAPRO PAINTERS OF AUSTIN (hereinafter "CERTA PRO") and JOHN BUNNELL PAINTING, LLC. (hereinafter "BUNNELL") by and through their undersigned counsel, and for their Answer to Plaintiff's Original Complaint, state:

### **INTRODUCTION/PRELIMINARY STATEMENT**

1. Plaintiff's statement concerning the Fair Debt Collection Practices Act is a legal conclusion to which no response is necessary. Certa Pro and Bunnell deny violating the Fair Debt Collection Practices Act.

2. Plaintiff's statement concerning the Fair Debt Collection Practices Act is a legal conclusion to which no response is necessary. Certa Pro and Bunnell deny violating the Fair Debt Collection Practices Act.

3. Plaintiff's statement concerning the Texas Deceptive Trade Practices Act ("DTPA)

is a legal conclusion to which no response is necessary. Certa Pro and Bunnell deny violating the DTPA.

## JURISDICTION AND VENUE

4. Certa Pro and Bunnell deny that Plaintiff has asserted claims or sufficient facts regarding a "class action" lawsuit. Plaintiff's allegations concerning subject-matter jurisdiction state a legal conclusion to which no response is necessary.

5. Plaintiff's allegations concerning venue state a legal conclusion to which no response is necessary.

## NATURE OF THE ACTION

6. Admit that Plaintiff appears to assert an action under the Fair Debt Collections Practices Act (FDCPA) against Defendant Edward Wolff.

7. Admit that Plaintiff appears to assert a claim under the DTPA against Certa Pro and Bunnell.

8. Admit that Plaintiff appears to seek damages under the FDCPA and TDCA from Defendant Edward Wolff.

9. Admit that Plaintiff appears to seek damages under the DTPA and Texas Property Code (TPC) from Defendants Certa Pro and Bunnell.

## PARTIES

10. Certa Pro and Bunnell have insufficient information to admit or deny ¶ 10 of Plaintiff's Complaint.

11. Certa Pro and Bunnell have insufficient information to admit or deny ¶ 11 of Plaintiff's Complaint.

12. Certa Pro and Bunnell have insufficient information to admit or deny ¶ 12 of

Plaintiff's Complaint.

13. Certa Pro and Bunnell admit that Plaintiff owed a debt for painting services rendered.

14. Certa Pro and Bunnell have insufficient information to admit or deny ¶ 14 of Plaintiff's Complaint but admit that Plaintiff is a natural person who owes a debt for painting services rendered.

15. Certa Pro and Bunnell have insufficient information to admit or deny ¶ 15 of Plaintiff's Complaint but admit that Plaintiff owes a debt for painting services rendered.

16. Plaintiff's statement as to whether or not he is a "consumer" for the purposes of the DTPA is a legal conclusion to which no response is necessary.

**Defendant Edward Wolff & Associates LLC**

17. Certa Pro and Bunnell have insufficient information to admit or deny ¶ 17 of Plaintiff's Complaint.

18. Certa Pro and Bunnell have insufficient information to admit or deny ¶ 18 of Plaintiff's Complaint.

19. Certa Pro and Bunnell have insufficient information to admit or deny ¶ 19 of Plaintiff's Complaint.

20. Certa Pro and Bunnell have insufficient information to admit or deny ¶ 20 of Plaintiff's Complaint.

21. Certa Pro and Bunnell have insufficient information to admit or deny ¶ 14 of Plaintiff's Complaint.

22. Certa Pro and Bunnell have insufficient information to admit or deny ¶ 14 of Plaintiff's Complaint.

**Defendant Certa ProPainters LTD**

23. Deny; Certa ProPainters Ltd. is a franchisor of independently owned and operated painting and decorating Certa ProPainters franchises located throughout the United States and Canada.

24. Admit

25. Deny; As the franchisor of independently owned and operated painting and decorating Certa ProPainters franchises, Certa ProPainters Ltd. did not provide any "goods," "services," or "building materials" to Plaintiff.

26. Deny; As the franchisor of independently owned and operated painting and decorating Certa ProPainters franchises, Certa ProPainters Ltd. did not provide any "goods" or "services" to Plaintiff.

27. Deny as to Certa ProPainters Ltd. which sells independently owned and operated painting and decorating franchises but does not sell painting or decorating goods or services. Any such goods or services are sold by individually owned and operated Certa ProPainters franchises.

28. Bunnell entered into a contract with Plaintiff to provide paint services; Plaintiff's statements concerning the type of contract is a legal conclusion that Certa Pro and Bunnell do not need to admit or deny.

29. Plaintiff's statement that the home improvements were performed at a residence designated as a "homestead" is a legal conclusion that Certa Pro and Bunnell do not need to admit or deny.

**Defendant John Bunnell Painting LLC**

30. Admit

31. Admit

32. Admit

33. Admit

34. Admit

35. Bunnell entered into a contract with Plaintiff to provide paint services; Plaintiff's statements concerning the type of contract is a legal conclusion that Certa Pro and Bunnell do not need to admit or deny.

36. Bunnell entered into a contract with Plaintiff to provide paint services; Plaintiff's statements concerning the type of contract and type of residence are legal conclusions that Certa Pro and Bunnell do not need to admit or deny.

**FACTUAL ALLEGATIONS**

37. Certa Pro and Bunnell do not need to admit or deny ¶37.

38. Certa Pro and Bunnell admit that the parties entered into a contract. However, Plaintiff's statement that the home improvements were performed at a residence designated as a "homestead" is a legal conclusion that Certa Pro and Bunnell do not need to admit or deny.

39. Admit

40. Admit that the contract does not include language regarding liens, consumer tights, disclosures and notices. The remainder of the paragraph includes statements that are legal conclusions that Certa Pro and Bunnell do not need to admit or deny.

41. Admit that the contract was not signed by Linda Ginac. The remainder of the paragraph includes statements that are legal conclusions that Certa Pro and Bunnell do not need to admit or deny.

42. Whether or not Plaintiff's property is considered a "homestead" is a legal conclusion that Certa Pro and Bunnell do not need to admit or deny.

43. Plaintiff's allegations regarding what is required by the Texas Property Code are legal conclusions to which no response is necessary.

44. Deny

45. Deny

46. Deny

47. Deny

48. Certa Pro and Bunnell have insufficient information to admit or deny.

49. Certa Pro and Bunnell have insufficient information to admit or deny.

50. Certa Pro and Bunnell have insufficient information to admit or deny.

51. Certa Pro and Bunnell have insufficient information to admit or deny.

52. Certa Pro and Bunnell have insufficient information to admit or deny.

53. Certa Pro and Bunnell have insufficient information to admit or deny.

54. Certa Pro and Bunnell have insufficient information to admit or deny.

55. Certa Pro and Bunnell have insufficient information to admit or deny.

56. Certa Pro and Bunnell have insufficient information to admit or deny.

57. Certa Pro and Bunnell have insufficient information to admit or deny.

58. Certa Pro and Bunnell does not need to admit or deny.

59. Certa Pro and Bunnell have insufficient information to admit or deny.

60. Plaintiff's allegations regarding 15 U.S.C. §1692(c) is a legal conclusion to which no response is necessary.

61. Plaintiff's allegations regarding 15 U.S.C. §1692(d) is a legal conclusion to which no response is necessary.

62. Plaintiff's allegations regarding 15 U.S.C. §1692(e) is a legal conclusion to which

no response is necessary.

63. Plaintiff's allegations regarding 15 U.S.C. §1692(f) is a legal conclusion to which no response is necessary.

64. Plaintiff's allegations regarding 15 U.S.C. §1692(g) is a legal conclusion to which no response is necessary.

65. Plaintiff's allegations regarding 15 U.S.C. §1692g(b) is a legal conclusion to which no response is necessary.

66. Certa Pro and Bunnell have insufficient information to admit or deny.

67. Certa Pro and Bunnell does not need to admit or deny.

68. Plaintiff's statement regarding Bond Requirements is a legal conclusion to which no response is necessary.

69. Plaintiff's statement regarding Harassment /Abuse is a legal conclusion to which no response is necessary.

70. Certa Pro and Bunnell have insufficient information to admit or deny.

71. Certa Pro and Bunnell does not need to admit or deny.

72. Plaintiff's statement regarding Section 17.46 of the Texas Business & Commerce Code is a legal conclusion to which no response is necessary.

73. Plaintiff's statement regarding Texas Property Code is a legal conclusion to which no response is necessary.

74. Certa Pro admits that there was a contract between Plaintiff and Defendant; whether or not Plaintiff's property was designated as a "homestead" is a legal conclusion and Certa Pro does not have sufficient information to admit or deny.

75. Admit

76. Deny

77. Admit that the contract did not include warnings; deny remainder

78. Certa Pro does not have sufficient information to admit or deny.

79. Deny

80. Deny

81. Certa Pro and Bunnell does not need to admit or deny.

82. Plaintiff's statement regarding Section 17.46 of the Texas Business & Commerce Code is a legal conclusion to which no response is necessary.

83. Plaintiff's statement regarding Texas Property Code is a legal conclusion to which no response is necessary.

84. Bunnell admits that there was a contract between Plaintiff and Defendant; whether or not Plaintiff's property was designated as a "homestead" is a legal conclusion and Bunnell does not have sufficient information to admit or deny.

85. Admit

86. Deny

87. Admit that the contract did not include warnings; deny remainder

88. Bunnell does not have sufficient information to admit or deny.

89. Deny

90. Deny

91. Certa Pro and Bunnell does not need to admit or deny.

## **AFFIRMATIVE DEFENSES**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants hereby plead as follows:

92. Plaintiff failed to satisfy the conditions precedent under the DTPA

93. Plaintiff's claims are barred, in whole or in part, by their failure to mitigate damages.

94. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

95. Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

96. Plaintiff's claims are barred, in whole or in part, by the doctrine of quasi-estoppel.

97. Certa Pro and Bunnell further plead that any alleged culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a producing, or substantial contributing cause of Plaintiff's alleged damages.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, CERTA PROPAINTERS LTD. D/B/A/ CERTAPRO PAINTERS D/B/A/ CERTAPRO PAINTERS OF AUSTIN and JOHN BUNNELL PAINTING, LLC.  respectfully request that this Court enter judgment denying Plaintiff the relief he seeks and granting Certa Pro and Bunnell such other and further relief in law or equity as this Court may find just and proper.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____
Jeff Otto
State Bar No. 15345500
Erika M. Laremont
State Bar No. 24013003

701 Brazos, Suite 1500
Austin, TX 78701
Telephone: 512-703-5036
Telecopy: 512-708-8777
E-Mail: jotto@thompsoncoe.com
E-Mail: elaremont@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS CERTA PROPAINTERS LTD. D/B/A/ CERTAPRO PAINTERS D/B/A/ CERTAPRO PAINTERS OF AUSTIN and JOHN BUNNELL PAINTING, LLC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 29, 2022, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which sends notifications of such filings to all counsel of record.

_____
Erika M. Laremont