IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRANK GINAC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-704 |
| | § | |
| EDWARD WOLFF & ASSOCIATES, | § | |
| LLC, CERTA PROPAINTERS LTD | § | |
| D/B/A CERTAPRO PAINTERS D/B/A | § | |
| CERTAPRO PAINTERS OF AUSTIN, | § | |
| AND JOHN BUNNELL PAINTING | § | |
| LLC, | § | |
| | | |
| *Defendants*. | | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1.  **State when the conference of the parties required by Rule 26(f) was held and identify the counsel who represented each party.**

    The undersigned counsel met and conferred on March 14, 2023.

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None.

3.  **Specify the allegation of federal jurisdiction.**

    Federal question jurisdiction exists under 28 U.S.C. § 1331 because Plaintiff alleges Defendant violated the FDCPA, a federal statute.

    By Plaintiff: Plaintiff brings a claim for violations against Wolff & Associates, LLC for violations 15 U.S.C. § 1692 et seq. of the Fair Debt Collection Practices Act ("FDCPA") and for violations of Tex. Fin. Code Ann. § 292 et seq. of the Texas Debt Collection Act ("TDCA"), regarding their attempts to collect a debt. And against Defendants Certa Propainters and Defendant John Bunnell Painting, LLC (collectively "CertaPro") for violations of the Texas Deceptive Trade Practices Act ("DTPA") Tex. Bus. & Com. Code Subchapter E and the Texas Property Code, for the placing of an illegal mechanics lien against Plaintiff's homestead.

    Edward Wolff & Associates:

CertaPro Painters:

John Bunnell Painting:

4. **Name the parties who disagree and the reasons.**

   The parties do not disagree about federal jurisdiction.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

6. **List anticipated interventions.**

   None.

7. **Describe class-action issues.**

   None at this time.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have not yet made the initial disclosures required by Rule 26(a). The parties will serve their Rule 26(a)(1) disclosures by April 14, 2023.

9. **Describe the proposed discovery plan, including:**

   A. **Responses to all matters raised in Rule 26(f).**

   April 14, 2023

   B. **When and to whom the plaintiff anticipates it may send interrogatories.**

   Plaintiff will send interrogatories to Defendants by in the next 90 days.

   C. **When and to whom the defendants anticipates it may send interrogatories.**

   **Defendant CertaPro will sent interrogatories to Plaintiff and co-Defendant within the next 90 days.**

   D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

   Plaintiff anticipates taking depositions of any witness identified by Defendant, and any witness with relevant information before the close of discovery. Plaintiff may also take the depositions of any expert witnesses identified by Defendants, and any other person whose deposition testimony becomes desirable based on information

developed during discovery. Depositions will take place after responses to written discovery is received and reviewed for completeness.

**E.** **Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking depositions of any witness identified by any Party, and any witness with relevant information before the close of discovery. Defendants may also take the depositions of any expert witnesses identified by Defendants, and any other person whose deposition testimony becomes desirable based on information developed during discovery. Depositions will take place after responses to written discovery is received and reviewed for completeness

**F.** **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff's retained experts, if any, will be designated by June 30, 2023.

Defendants will designate experts, if any, by August 14, 2023

**G.** **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

To be determined. At this time, the parties do not anticipate needing expert testimony.

**H.** **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

To be determined. At this time, the parties do not anticipate needing expert testimony. Defendant may designate an expert if Plaintiff designates an expert.

**10.** **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

N/A.

**11.** **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**12.** **State the date the planned discovery can reasonably be completed.**

The parties anticipate completing all discovery by September 25, 2023.

**13.** **Describe the possibilities for a prompt settlement or resolution of the case that were**

**discussed in your Rule 26(f) meeting.**

Plaintiff and Defendant's discussed the possibility of prompt settlement before and during the Rule 26(f) meeting. Negotiations are ongoing.

14. **Describe what each party has done or agreed to do to bring about prompt resolution.**

    Plaintiff has made Defendants an initial offer and Defendants are reviewing same.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

    The parties agree private mediation may be suitable if they are unable to resolve the case.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not agree to trial before a magistrate judge at this time.

17. **State whether a jury demand has been made and if it was made on time.**

    Yes

18. **Specify the number of hours it will likely take to present the evidence in this case.**

    The parties anticipate that it will take no more than 40 hours total to present the evidence in this case. This estimate, however, is subject to change upon further discovery.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

20. **List other motions pending.**

    None pending at this time.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None at this time.

22. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Respectfully submitted,

**JAFFER & ASSOCIATES, PLLC**

*/s/ Robert Leach*
Robert Leach
Texas Bar No. 24103582
5757 Alpha Rd, Suite 580
Dallas, TX 75240
Telephone: (214) 494-1871
Fax: (888) 509-3910
Email: attorneys@jaffer.law
***ATTORNEYS FOR PLAINTIFF***
**THOMPSON, COE, COUSINS & IRONS, LLP**

*/s/* Erika Laremont
Erika Laremont
Texas Bar No. 24075269
2801 Via Fortuna, Suite 300,
Austin, TX 78746
Telephone: (512) 703-5048
Email: elaremont@thompsoncoe.com
***ATTORNEY FOR DEFENDANTS***
***CERTA PROPAINTERS AND JOHN BUNELL PAINTING***


**MIGNUCCI & GONZALEZ PLLC**

Braulio E. Gonzalez
14180 N. Dallas Parkway, Suite 714
Dallas, TX 75254
Telephone: (214) 556-8899
Fax: (214) 256-3901
Email: bg@mgtxlaw.com
***ATTORNEYS FOR DEFENDANT***
***EDWARD WOLFF & ASSOCIATES, LLC***